UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DARRELL SMITH-WEST,**

    **Plaintiff,**

v.                                                                          Case No. 8:16-cv-3238-T-35TBM

**TIFFANY CATLEDGE-TORRES
and OFFICER J. FAUCI,**
    **Defendants.**
_____/

O R D E R

This cause comes before this Court on Plaintiff Smith-West's amended civil rights complaint. (Doc. 7) Having considered the pleading and being otherwise fully advised the Court Orders the complaint **DISMISSED**:

Smith-West's initial complaint alleged that the Defendants violated his civil rights when, on one occasion, he was denied his medication. Even after affording the pleading a generous interpretation as required under *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this Court dismissed the initial complaint as meritless but with leave to amend if Smith-West believed he could correct the noted deficiencies. (Doc. 5) In response Smith-West submits an amended complaint. (Doc. 7)

Smith-West alleges that on September 15, 2016, he was at the end of the evening "medication line," but when he reached the dispensing window, Defendant Nurse Catledge-Torres closed the door and refused to dispense Smith-West's medication. Smith-West alleges that Defendant Officer Fauci "knocked on the door and [Nurse

Catledge-Torres] reopened the door and acknowledged that I was there and that I had not yet received my medication, and then shut the door again refusing to treat my medical condition." (Doc. 7 at 5–6)  Smith-West states that the nurse left the area and the officer failed to stop the nurse from leaving or otherwise remedy Smith-West's not receiving his medication.  The above allegations in the amended complaint are identical to the allegations in the initial complaint.  (Doc. 1 at 5–6)

The Court dismissed the initial complaint because the pleading failed to show the violation of a protected right.  The earlier order determined (1) that, according to Exhibit 1 attached to the initial complaint, Smith-West was denied his medication because his name was not on the "call out" list to receive medication and (2) that a single incidence of being denied his seizure medication failed to show that the Defendants were deliberately indifferent to a serious medical need.  The amended complaint fails to assert any additional facts to overcome the deficiency.

The only additional information asserted in the amended complaint is that Smith-West suffered anxiety and sleepless nights because he missed his medication and worried that he might have an epileptic seizure if he again missed receiving his medication in the future.  The earlier order advised Smith-West that he could recover only nominal damages because he did not sustain an actual physical injury.  Apparently Smith-West's new facts are his attempt to show an actual injury.  The earlier order advised Smith-West that, under 42 U.S.C. § 1997e(e) a prisoner cannot bring an action "for mental or emotional injury suffered while in custody without a prior showing of a physical injury."  Sleepless nights and anxiety about what might happen in the future are not physical injuries.

- 3 -

The additional facts alleged in the amended complaint, specifically, sleepless nights and anxiety that allegedly occurred after the original denial of medication, fail to show that the defendants were deliberately indifferent to a serious medical need based on the single incidence of being denied medication.  As a consequence, the amended complaint fails to correct the previously noted deficiencies and continues to fail to assert a claim that Smith-West can pursue under Section 1983.

Accordingly, the amended civil rights complaint (Doc. 7) is **DISMISSED**.  This action must remain closed.

**DONE AND ORDERED** in Tampa, Florida, this 17th day of March, 2017.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE